**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE          :
         :       ID No's 1803013371 & 1803013463
         :       In and for Kent County
      v.          :
         :
ALAN M. JOSEY,          :
         :
      Defendants.          :

## ORDER

Submitted:  October 21, 2019
Decided:  January 7, 2020

On this 7th day of January, 2020, having considered Defendant Alan Josey's motion for modification of sentence, his motion in the alternative to withdraw his guilty plea, and the State's opposition, it appears that:

1. Mr. Josey committed a series of robberies in Delaware and Maryland in February and March 2018. Maryland authorities apprehended him and he pled guilty to some of the Maryland robberies. As a result, a Maryland Circuit Court sentenced him to ten years of incarceration. Thereafter, pursuant to the Interstate Agreement on Detainers, Maryland transferred his custody to Delaware in August 2019.

2. On September 12, 2019, Mr. Josey pled guilty to one count of Robbery First Degree for his armed robbery of a McDonald's in Kent County. Pursuant to the plea agreement, the State agreed to dismiss unindicted charges related to Mr. Josey's robbery of a Kent County Walgreens. The plea agreement, however, included Mr. Josey's agreement to pay restitution to Walgreens. Pursuant to the agreement, the State and Mr. Josey jointly recommended that he serve a minimum

mandatory sentence of three years incarceration, to be followed by probation. Before entering his plea, Mr. Josey executed a truth-in-sentencing guilty plea form. On that form, he acknowledged that a Robbery First Degree charge carried a minimum mandatory sentence of three years. It also acknowledged that no one had promised him what his sentence would be. He confirmed the same in his plea colloquy with the Court.

3. The Deputy Attorney General representing the State made sentencing comments providing her position that the sentence should run consecutively to any sentence he would serve in Maryland. The Court then imposed the recommended sentence and intended that it run consecutively to any term of confinement imposed in Maryland as a result of those separate Maryland robberies.

4. Mr. Josey seeks a sentence modification arguing that the parties' joint recommendation contemplated that Mr. Josey (1) remain in Delaware and serve his Delaware sentence first, and (2) that it run concurrently with any sentence imposed in Maryland. The State argues that the intention was never for Mr. Josey to serve his Delaware sentence first because that would contradict the terms of the Interstate Agreement on Detainers that required his return to Maryland to first serve incarceration in that jurisdiction.

5. The Court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[1] Upon a timely motion, the Superior Court has broad discretion to decide whether to alter its judgment.[2] The purpose of the rule is to provide the Court with a reasonable period of time to consider sentencing alterations, as well as to "to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[3]

---

[1] Super. Ct. Crim. R. 35(b).
[2] *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014).
[3] *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. 2014).

6.     Until June 25, 2019, 11 *Del. C.* § 3901(d) required any sentence of confinement imposed for Robbery First Degree to run consecutively with any other sentence of incarceration.[4]  Pursuant to the formerly designated House Bill No. 5, the 150th General Assembly removed Robbery First Degree from the list of offenses requiring that it be imposed consecutively to any other sentence.[5]  Because Mr. Josey entered this plea after the effective date of the former House Bill No. 5, the Court was not required to sentence him consecutively to other terms of confinement.

7.     As an initial matter, the State incorrectly argues that the Court does not have the discretion to impose a sentence of confinement concurrently with an out-of-state sentence.  In so arguing, the State relies on the following statutory provision:

> [t]he court shall direct whether the sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently or consecutively with any other sentence of confinement imposed on such criminal defendant.[6]

This provision does not qualify or otherwise limit the Court's discretion to make a Delaware sentence run concurrently "with *any other sentence of confinement* imposed on such criminal defendant."[7]  Contrary to the State's argument, the plain language of the statute provides that this discretion applies to any sentence of confinement, whether in State or out.

8.     Nevertheless, the Court's intention was that Mr. Josey serve this Delaware sentence, for a Delaware armed robbery, consecutively to the Maryland sentence.   Mr. Josey's return to Maryland after sentencing was an obligation imposed by his detainer agreement.  The Court accepted defense counsel's request

---

[4] *See* 79 Del. Laws ch. 297, § 1 (2014) (explaining "no sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant for any conviction of . . . Robbery in the first degree").

[5] Del. H.B. 5, 150th Gen. Assem., 82 Del. Laws ch. 66, § 1 (2019) (amending 11 *Del. C.* § 3901(d)).

[6] 11 *Del. C.* § 3901(d).

[7] *Id.* (emphasis added).

that it recommend to the Department of Correction to have Mr. Josey serve the Level V portion of his sentence at James T. Vaughn, Jr. Correctional Center. If there was a misunderstanding, as Mr. Josey advocates, then there would have been no need to include a request that the Department of Correction place him at a particular Level V facility. Namely, had there been a concurrent sentence, Mr. Josey's Delaware sentence would long since be subsumed within the Maryland sentence making the location of his Level V sentence moot. While the plea agreement is silent about whether the parties recommended the incarceration to be consecutive or concurrent, the sentencing comments by the parties supported the appropriateness of a consecutive sentence in this case. Namely, in the sentencing comments, the State referenced its understanding that Mr. Josey would serve approximately eight years incarceration for his Maryland sentence. The State referenced a greater than eleven year total period of incarceration.[8] Delaware's three year minimum mandatory sentence together with an expected eight year Maryland sentence totaled eleven. Mr. Josey did not protest or challenge that representation at his sentencing, despite having the opportunity to do so.

9. Furthermore, after further consideration, a consecutive sentence remains appropriate in this case. Mr. Josey's armed robbery occurred in Delaware. Justifiably, he should serve a separate and distinct Delaware sentence to account for this extremely serious crime.

10. As a final matter, Mr. Josey alternatively moves to withdraw his guilty plea if the Court does not modify his sentence. That motion is without merit. Superior Court Criminal Rule 32(d) provides that after sentencing, "a plea may be

---

[8] *See State v. Josey*, C.A. No. 1803013371, at 14:10–15:2 (Del. Super. Sept. 12, 2019) (TRANSCRIPT) (providing an estimation by the DAG that Mr. Josey would serve approximately eight years for his Maryland sentence, totaling 11 years when considered with his Delaware sentence).

set aside *only* by motion under Rule 61." Accordingly, his motion to withdraw his plea in the alternative must also be denied.

WHEREFORE, Defendant Alan Josey's motion for modification of sentence and his alternative motion to withdraw his guilty plea are **DENIED.**

/s/Jeffrey J Clark
Judge